IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **CLIFFORD RUSH,** | ) | **CASE NO. 4:12CV3253** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **MICHAEL THURBER,** | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Respondent's Motion for Summary Judgment. (Filing No. 7.) Petitioner Clifford Rush ("Rush") did not submit a response to the Motion. (*See* Docket Sheet.) As set forth below, the Motion for Summary Judgment is granted.

## I.   BACKGROUND

Rush filed his Petition for Writ of Habeas Corpus ("Petition") in this matter on December 19, 2012. (Filing No. 1.) On initial review, the court liberally construed the Petition to allege two claims:

Claim One: Rush was denied the effective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments *because* his trial counsel failed to appeal his conviction.

Claim Two: Rush was denied due process in violation of the Fourteenth Amendment because he was denied the right to appeal.

(Filing No. 5 at CM/ECF p. 1.)

On March 13, 2013, Respondent filed a Motion for Summary Judgment (Filing No. 7), Brief (Filing No. 9), and State Court Records (Filing No. 8) arguing, among other things, that the Petition is meritless because Rush's attorney filed a notice of appeal in his criminal case and his case is currently on appeal in state court. (Filing No. 9 at CM/ECF p. 3.) Rush did not respond. (*See* Docket Sheet.)

## II.   UNDISPUTED FACTS

1.   On December 17, 2012, Rush was sentenced, in Case No. CR12-399, to serve a prison term of 4 to 5 years for a third offense of driving under the influence, and 3 months for the offense of driving during revocation. (Filing No. 8-1 at CM/ECF pp. 3, 6.)

2.   On December 19, 2012, Rush filed his Petition in this court, alleging that his attorney failed to appeal his conviction and that he was denied the right to appeal. (Filing No. 1.)

3.   On January 14, 2013, Rush's attorney filed a timely notice of appeal in Case No. CR12-399, with the District Court for Lancaster County, Nebraska. (Filing No. 8-1 at CM/ECF pp. 6-7.)

4.   On January 16, 2013, the Nebraska Court of Appeals acknowledged the receipt and filing of Rush's Notice of Appeal in Case No. CR12-399. (*Id*. at CM/ECF p. 8.)

## III.   ANALYSIS

As discussed above, Rush claims that he was denied due process, and the effective assistance of trial counsel, because his trial counsel failed to appeal his conviction. (Filing No. 1. at CM/ECF pp. 1-16.) However, the undisputed record before this court clearly shows that Rush's attorney filed a timely appeal of Rush's conviction. (*See* Filing No. 8-1.) Accordingly, Rush's claims lack merit.

Even if Rush's attorney had not filed an appeal, Plaintiff's has failed to show that he presented his habeas claims to the state courts. As set forth in 28 U.S.C. § 2254(b)(1):

> (1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A)   the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)   (i)   there is an absence of available State corrective process; or
> (ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. Id. at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. See Akins v. Kenney, 410 F.3d 451, 454-55 (8th Cir. 2005).

In short, Rush must fairly present the substance of his federal habeas claims to the state courts before seeking federal habeas relief.  "[I]f a defendant is denied his right to appeal because his lawyer fails, when requested, to timely file a notice of appeal, the proper means to attack that denial is by a postconviction relief action." State v. Carter, 463 N.W.2d 332, 337 (1990), (construing State v. Halsey, 238 N.W.2d 249 (1976)). Rush has not filed a state postconviction action and, based on the record before the court, his criminal appeal remains pending.

IT IS THEREFORE ORDERED that:

1. Respondent's Motion for Summary Judgment (Filing No. 7) is granted;

3

2.  Rush's Petition for Writ of Habeas Corpus (Filing No. 1) is denied in all respects and this action is dismissed without prejudice; and

3.  A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 27th day of August, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

∗This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.